UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICKEY LABRONE HORNE,

      Plaintiff,

v.                                                              Case No. 3:16cv39/MCR/CJK

JIMMY COKER, Warden,

      Defendant.

_____/

<u>REPORT AND RECOMMENDATION</u>

     Plaintiff, a prisoner proceeding *pro se*, has filed a complaint  under 42 U.S.C. § 1983 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2).  Upon review of plaintiff's complaint and prior litigation history, the court has discovered that plaintiff is a "three-striker" and that this action should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

     According to 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state
a claim upon which relief may be granted, unless the prisoner is under
imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Horne v. Broward Cnty. State Attorney*, Case No. 3:15-cv-01375-HLA-JBT (doc. 9) (M.D. Fla. Nov. 24, 2015) (dismissing action without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B)); *Horne v. Sec'y Fla. Dep't of Corr., et al.*, Case No. 3:15-cv-634-TJC-JBT (doc. 9) (M.D. Fla. June 23, 2015) (same); *Horne v. United States of Am., et al.*, Case No. 0:14-cv-60381-PAS (doc. 16) (S.D. Fla. Aug. 18, 2015)) (dismissing case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted).  Accordingly, plaintiff may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff has made no such allegations.  Because plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 1st day of February, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES


Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:16cv39/MCR/CJK